# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNYLVANIA

UNITED STATES OF AMERICA    **:**

                            **:**

    -v-                   **:**       **Criminal No. 21-65-JLS**

                            **:**

GREGORY FIOCCA          **:**

---

## Defendant Gregory Fiocca's Sentencing Memorandum and Motion for Lesser Disability Period under 29 U.S.C. § 1111

---

**On the Memorandum:**

***Rocco C. Cipparone, Jr., Esquire***
**157 Bridgeton Pike, Suite 200-320**
**Mullica Hill, NJ 08062**
**(856) 547-2100**
**www.Cipparonelaw.com**
**Attorney for Gregory Fiocca**

## I.      APPLICABLE LEGAL FRAMEWORK FOR SENTENCING

The advisory sentencing guidelines are now just one of the several factors which the Court must consider at sentencing pursuant to the guiding principles in *U.S. v. Booker*, 534 U.S. 220 (2005) and 18 U.S.C. § 3553. As is well established, the Court should impose a sentence that is reasonable and "*sufficient but not greater than necessary*" to achieve the purposes of sentencing, even if such is lower than the **advisory** sentencing guideline range. 18 U.S.C. § 3553(a).

The United States Court of Appeals for the Third Circuit has interpreted *Booker* to require that a sentencing court employ the following three steps: (1) calculate a defendant's Guidelines sentence precisely as it would have before *Booker*; (2) formally rule on the motions of both parties, stating on the record whether it is granting a departure and if so, how the departure affects the Guidelines calculation, while taking into account the Third Circuit's pre-*Booker* case law (which has advisory force); and (3) exercise its discretion by considering the relevant 18 U.S.C. § 3553(a) factors in determining the sentence, regardless whether it varies from the Guideline advisory range. *U.S. v. Handerhan,* 739 F. 3d 114, 120 (3d Cir. 2014); *U.S. v. Ali*, 508 F.3d 136, 142 (3d Cir. 2007)(citing *U.S. v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006); *U.S. v. King*, 454 F.3d 187, 196 (3d Cir. 2006); *U.S. v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

The sentencing court expressly must consider and weigh all the relevant statutory factors set forth in 18 U.S.C. § 3553(a) and exercise its independent judgment to determine what is the appropriate sentence. *Grier*, 475 F.3d at 571-72. *See also Cooper*, 437 F.3d at 329; *U.S. v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006).

## II.  UNRESOLVED NON-GUIDELINES REVISIONS AND OTHER UPDATES TO THE PSR

None.

### III. OBJECTIONS TO GUIDELINE CALCULATIONS IN THE PRESENTENCE INVESTIGATION REPORT

None. The guidelines are appropriately calculated in the PSR as Total Offense Level 2, Criminal History Category I, with an attendant advisory guideline range of 0-6 months.

### IV. THE COURT SHOULD IMPOSE A SHORT TERM OF PROBATION SUFFICIENT BUT NOT GREATER THAN NECESSARY TO MEET THE PURPOSES OF SENTENCING UNDER 18 U.S.C. § 3553

It respectfully is submitted that a sentence of probation for a short term would be sufficient but not greater than necessary in the circumstances of this case and considering Mr. Fiocca's personal circumstances as well.

The lasting stigma and collateral consequences of his conviction, along with a probation sentence, will provide sufficient general and specific deterrence in the attendant circumstances. Analysis and application of the salient factors under 18 U.S.C. § 3553(a) support such a sentence.

The salient sentencing factors under § 3553 are:

> ➢ **Nature and circumstances of the offense**

The offense of which Mr, Fiocca has been convicted is a misdemeanor and is serious. Mr. Fiocca recognizes that, but it also should be considered in context in terms of federal crimes and on the spectrum of the same, it is certainly low on the hierarchy.

> ➢ **History and Characteristics of the Defendant**

Mr. Fiocca is now 32 years old, and this offense occurred almost five (5) years ago. He has matured substantially since that time, has been on bail release for almost four (4) years now (released March 5, 2021), and during that time Mr. Fiocca fully has complied with his conditions of release. PSR ¶ 8. His full compliance with the conditions of his bail over a sustained period demonstrate that he will comply with the terms of a probation sentence, will not violate same, and will not recidivate. His mother Maureen Fiocca noted to the probation officer in the PSR the positive maturation she has seen in Greg:

> The defendant's mother conveyed that she is proud of the way her son has matured since 2016. She has no concerns regarding alcohol abuse or anger issues and finds that his decision-making abilities have greatly improved over the years. According to the defendant's mother, Gregory is close with his children and has become a "better family man."

PSR ¶ 49.

Unfortunately, the toll of Mr. Fiocca's arrest, prosecution, and potential consequences directly contributed to the unfortunate breakup of his long-term relationship with his children's mother, to whom he was engaged, with whom he had a romantic relationship for 15 years (since they both were about 17 years old). PSR ¶ 47; see also Maureen Fiocca letter (A.001). Mr. Fiocca though continues to remain daily involved in the lives of their two children Nathan (age 10) and Landon (age 8). Indeed, Mr. Fiocca sees the children every day, and they also stay overnight with him they stay at his home on Tuesdays, Thursdays, and every other weekend. PSR ¶ 48. He is a supportive, loving and committed father to his sons.

Mr. Fiocca lost his father who was just age 46 when he died, and Mr. Fiocca was just 16 years old. He has a strongly supportive family in his mother, his three siblings, and extended family members. PSR ¶¶ 43-46. Maureen Fiocca's letter (A.001) summarizes the strong family and community support Greg has, which always bodes well for successful completion of probation. Unfortunately, as the Court knows, his uncle John Dougherty – who stepped largely into a father-figure role for Mr. Fiocca after his father's passing )PSR ¶ 46) – is now serving a substantial jail sentence, which of course continues to emotionally affect Mr. Fiocca. Indeed, he lived next door to Mr. Dougherty for most of his life.

In contrast to the limited glimpse of Mr. Fiocca that the interaction with Mr. Gibson suggests, Greg is a caring person who lives for his sons, and has a history of helping others, including his maternal grandmother while she was sick with emphysema, helping care for her daily exhibiting a positive attitude while she battled her illness. A.003 (letter from Robert Fiocca). Mr. Fiocca stepped up even as a teenager when his father passed away:

> At a time where most teenagers would be overwhelmed with heartbreak, Greg stepped up and took care of his siblings and mother. For as long as I've known him, he has been the type of person to give you the shirt off of his back. When I use that phrase, I mean

it both figuratively and literally. Greg has literally given me the shirt off of his back once, when I pointed out that I liked his outfit. He cares so much for the people around him and wants to see everyone be happy. I believe that everyone should be given a chance to amend previous decisions/actions. People change and people grow. Greg is the perfect example of this. He remains in good spirits. He shows up for his family. He shows up for his friends.

A.011 (letter from Mya Jaskolka).

Mr. Fiocca has served the community also by distribute toys and food to those in need (A.006, letter from Lori Barrett), and frequently volunteering at events. (A.010, letter from Vincent Harvey). There are several other letters in the Appendiz hereto that attest to the remorse, growth, maturation and general good and caring nature of Mr. Fiocca that I know the Court will read so they are not recounted here.

> ## <u>Remorse and Acceptance of Responsibility</u>

Mr. Fiocca appreciates the nature and negative consequences of his conduct, and fully has accepted his responsibility for same, as the Court can assess from his candid guilty plea colloquy. PSR ¶¶ 17-18.

> ## <u>Mental Health Status</u>

Mr. Fiocca has no current mental health issues. He did successfully complete an approximately one-year long anger management therapy program through Pretrial Services (April 2021 through March 2022). PSR ¶ 56-57.

> ## <u>Physical Health</u>

Mr. Fiocca has no serious medical conditions and is in overall good health. PSR ¶¶ 52-55.

> ## <u>Substance Abuse</u>

The defendant has no history of substance abuse. Although he smoked marijuana as a teenager, he quit when he became a parent. PSR ¶ 58. While as teenager and up until about 2016 he drank alcohol more frequently, he now consumes alcohol rarely and in a limited quantity (1-2 beers). PSR ¶ 59.

➢ **Education**

Mr. Fiocca graduated from Philadelphia Electrical and Technology Charter High School in 2010. He also completed the Philadelphia Electric (IBEW 98) apprenticeship and was recognized as an electrician journeyperson in 2018. Further, a certificate from the Electrical Training Alliance for the International Brotherhood of Electrical Workers confirms that he was classified as a journeyman wireman on April 1, 2018. PSR ¶¶ 60-21

➢ **Employment**

Mr. Fiocca has worked as a union electrician since 2011. His current employer – for whom he has been working for about a year -- confirmed to the probation officer conducting the PSR investigation, that Greg is an excellent employee who has not presented any issues or concerns, again confirming that Mr. Fiocca has matured materially since this 5-year old incident. PSR ¶ 63.

➢ **Family Life**

This factor already has been addressed *supra* in the "History and Characteristics of the Defendant" section of this memorandum.

➢ **Lack of Criminal History Points; Risk of Recidivism; Impact of Sentence Type on Recidivism**

The U.S. Sentencing Commission has conducted detailed studies of reliable empirical data to determine recidivism. For example, persons such as Mr. Fiocca, with zero (0) criminal history points have the lowest recidivism rate compared to those with any criminal history points (even substantially lower than Category I offenders with just 1 criminal history point).[1]

For those reasons, and considering all of the information contained in this Memorandum, the PSR, and to be gleaned from the materials in the Defendant's Appendix, Mr. Fiocca is not likely to reoffend.

---

[1] "Overall, an offender's total criminal history score is a strong predictor of recidivism. Rearrest rates range from a low of 30.2 percent of offenders with zero criminal history points to a high of 85.7 percent for offenders with 15 or more criminal history points. Each additional criminal history point is generally associated with a greater likelihood of recidivism. …[T]there is a 22.1 percentage point difference in rearrest rates between offenders with no criminal history and one-point offenders." The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders at 14, United States Sentencing Commission (March 2017). The full report can be accessed and downloaded at https://www.ussc.gov/research/research-reports/criminal-history-and-recidivism-federal-offenders.

➢ **Deterrence and Punishment**

The attendant purposes of sentencing would be met by a sentence of a short period of probation. Indeed, Mr. Fiocca has been on bail (including house arrest as part of same for a period) for almost four (4) years now, which is not substantially different that probation, and as discussed above he has followed all of the rules and conditions thereof. Considering that fact as well, the Court should consider limiting the term of probation to a short amount of time.

### a. Specific Deterrence

The need – or more importantly lack of need - for specific deterrence is addressed by reference to the preceding sections of this Memorandum. Also, Mr. Fiocca has undergone the stress, rigors, and fears resulting from a trial over a myriad of felony charges that resulted in a hung jury. That is a daunting experience for anyone, and those aspects of the prosecution were not lost on Mr. Fiocca – it was a sobering and very stressful experience for him and one he intends never to go through again.

### b. General Deterrence

General deterrence must be viewed in context. Here, for this misdemeanor conviction which will of course be with him as a lifelong record, the length of time he had the specter of potential felony convictions hanging over him, the rigors of the trial, and the collateral consequences the experience has had on his personal life, a probation sentence for this misdemeanor certainly sends and adequate general deterrent message.

### c. Punishment

The need for punishment still would be met by a probation sentence. The conviction alone is substantial punishment given the lasting stigmatic effect it will have upon the defendant. Other punitive effects already have been discussed *supra*.

➢ **The kinds of sentences available**

The urged sentence is within the range of those available to the Court in this case.

➢ **The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The sentencing guideline range established is determined by applicable total level 2,

criminal history category I, to be zero (0) to six (6) months.

> **Pertinent policy statement issued by the Sentencing Commission**

None particularly applicable here.

> **The need to avoid unwanted sentencing disparity among defendants with similar records who have been found guilty of similar conduct**

Each case and defendant still is an individual consideration, and in light of all of the foregoing factors discussed, the requested sentence would not create any unwarranted sentencing disparity from others convicted of similar offenses.

> **The need to provide restitution to any victims of the offense**

Restitution is not an issue in this case. PSR ¶¶ 87-88.

## V. DEFENDANT FIOCCA HES THE COURT TO SHORTEN THE PERIOD OF DISABILITY UNDER 29 U.S.C. § 1111

The Department of Labor (DOL) advised counsel it intends to serve on Mr. Fiocca a notice of disability under 29 U.S. Code § 1111.[2] A copy of the notice provided to counsel appears in the Appendix hereto at A.018.

Title 29 U.S. Code § 1111 provides in pertinent part that any person convicted of a violation of 29 U.S.C. § 186 as was Mr. Fiocca, is precluded from serving

(1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity of any employee benefit plan,

(2) as a consultant or adviser to an employee benefit plan, including but not limited to any entity whose activities are in whole or substantial part devoted to providing goods or services to any

---

[2] Counsel appropriately advised the DOL agent that he was not in a position to accept service for Mr. Fiocca as the notice provided that any violation of the disability is a felony, and counsel of course needs to avoid being a witness in the event of any alleged violation. That is, if there later is an allegation of violation, then if counsel had accepted service, counsel would be part of the proof of notice to Mr. Fiocca, which could disqualify counsel from potentially representing Mr. Fiocca regarding any alleged violation. Therefore, counsel advised the DOL agent (with Mr. Fiocca's permission) of an email address for Mr. Fiocca for communication from the DOL for purposes of providing the letter to him, or Mr. Fiocca could be served some other way. Of course, this is just a belt and suspenders move, not a concern that Mr. Fiocca will violate any properly served notice. Counsel was simply preserving the option of choice of counsel for Mr. Fiocca if there was a later allegation of a violation. The motion/argument in this section presumes (but does not admit) service of the notice, to which the DOL is left to its own devices.

employee benefit plan, or

> (3) in any capacity that involves decisionmaking authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan,
>
> **during or for the period of thirteen years** after such conviction or after the end of such imprisonment, whichever is later, **unless the sentencing court on the motion of the person convicted sets a lesser period of at least three years** after such conviction or after the end of such imprisonment, whichever is later ... .

29 U.S. Code § 1111.

Mr. Fiocca hereby moves the Court to set a lesser period of disability here, and urges the Court to set a three (3) year period of such. Under the facts and circumstances of the conduct here involved, such three-year period is indeed adequate, and any longer period is and would be disproportionate to the nature and extent of Mr. Fiocca's conduct of conviction. The mitigating factors, among others, which support that requested lesser period of disability include the following:

> ➢ Mr. Fiocca was just about 28 years old at the time of the offense.
>
> ➢ The offense conduct occurred on one day, August 19, 2020.
>
> ➢ Mr. Fiocca's demand was for a very limited amount of money - less than $1,000. The factual basis and conduct for the offense involved a demand for pay for two additional days of pay when Mr. Fiocca had not worked those days. *See* Change of Plea Memo dated 09-13-2024; PSR ¶¶ 12-14.
>
> ➢ Mr. Fiocca's conduct had no involvement with or funds from an employee benefit plan, which is the focus of the disability under 29 U.S. Code § 1111. He neither exercised control or authority over same nor did he attempt to do so.
>
> ➢ Mr. Fiocca has demonstrated an affirmative acceptance of

responsibility for his conduct.

➢ Mr. Fiocca has become an efficient and valued employee as an electrician, demonstrating his increased maturity and growth as discussed more fully *supra*.

➢ Mr. Fiocca is not likely to recidivate, and has demonstrated his ability to change and to follow the letter of the law since his arrest four years ago which led to his conviction.

➢ Mr. Fiocca's conduct was about 5 years ago, and he has led a fully law-abiding life since that time.

The presumptive 13-year period of disability set forth in 29 U.S.C. § 1111 here is disproportionate and inequitable: it warrants application by this Court of the escape hatch also available under that statute to lessen the period of disability. Mr. Fiocca is a young man who has a more focused approach to his life, who had made a bad decision in a heated moment for which he has successfully completed anger management. The presumptive 13-year disability in context of the facts of this conviction disproportionately will limit Mr. Fiocca from certain potential aspects of career advancement such as certain positions within a union (Trustee, for example, among others) or even other industries that would involve any time of supervision regarding an employee benefit plan. A three-year disability still sends an ample deterrent and protective message but would not hamstring Mr. Fiocca from further business and personal growth.

Mr. Fiocca submits that after a three-year disability period, with the level of rehabilitation and law-abidingness he already has demonstrated since 2020, and will continue to demonstrate during the requested lesser disability period, his holding a covered employee benefit plan position would not be contrary to the purposes of 29 U.S.C. § 1111. There is a reason the law allows the sentencing court to reduce the disability period, and this case represents one of them.

It is noted that "[p]rior to making any such determination the court shall hold a

hearing and shall give notice to [1] such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting officials in the jurisdiction or jurisdictions in which such person was convicted." 29 U.S.C. § 1111(a).

## CONCLUSION

Based on the foregoing, it respectfully is submitted that the Court should sentence Mr. Fiocca to a short term of probation pursuant to the Sixth Amendment, *Apprendi*, *Booker* and their progeny. That sentence would be "*sufficient but not greater than necessary*" to achieve an appropriate balance of the relevant sentencing factors.

Respectfully submitted,

/s/Rocco C. Cipparone, Jr.
Rocco C. Cipparone, Jr., Esquire
Attorney for defendant Gregory Fiocca

# APPENDIX

January 24, 2025

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601Market Street
Philadelphia, PA 19106

Dear Judge Schmehl,

I am writing this letter on behalf of my son, Gregory Fiocca. As Greg's mother, I wanted to share with you a little bit about Greg, as a person. I have four children; Gregory is my youngest boy and third child born. Only being fifteen months younger than his bother Brian, he spent growing up in his shadow but learned compassion for friends without even realizing. Believe me, Greg, like any other fatherless inner-city teen, was not always easy but always found a way to be responsible, always looking out for his friends and family.

My husband George, his father, suffered from cancer for most of Greg's early teens. Gregory was very quiet when it came to his father. He tried to hide the hurt this situation caused but as his mother I saw the inner struggle. I know how hard it was for him to grow up without a father and to lose such an invaluable person at the start of his teenage years. When Greg's father was dying in the hospital he had to leave and take the PA State test at his high school and yet still tested as the highest scoring student. He is intelligent but being so young, it took time to grow. While finishing high school, he leaned on my brother for guidance and worked any small jobs he could find to help our family. These experiences left him with so much grief and even today he continues to suffer in silence, continuing to maintain a sadness I see in his eyes.

Greg is the father of two beautiful boys, Nathan and Landon, who unfortunately suffered alongside him after the Federal Agencies raided his home in full tactical uniform, with guns drawn and pointed. Greg spent almost ten months on total house arrest, which was the start of his family decline. No money/work can cause unneeded stress on any family. His boys adore their father, and he does what's best in their interest. I am so proud of the family he has created. He has always been the primary provider of his family and that is very important to him. These have been turbulent times for Gregory and his family, they have suffered a great deal but have done their best to put the past behind and look to the future. Gregorys choice to accept this plea was done with his boys in mind. Not to endure more financial burdens and unwanted attention. His commitment to his family is his primary focus right now. I ask you to please offer him the opportunity to be an active and present father to his two small children.

Our entire family is dedicated to supporting Greg by any means necessary. Since I will be traveling internationally for the first time, visiting Ireland, I know my family will be there to give my support and love to him. No matter how old my children become, they are always first in my heart. Growing up in South Philly, the community values special qualities of love, loyalty and family; we have our own language, culture and understanding. For those outside of this community, we can be viewed and can portrayed differently. I know my son, can be a contributing member of society and more importantly, a good man and father.

As my son stands in front of you at sentencing, I sincerely hope that this fair and just court, take this letter into consideration. Despite this court matter, I still consider my son an honorable man and invaluable member of his family. He has lost years of work, his home and his dignity, I believe he has suffered and paid his price. I can honestly say, I am proud of Greg.

Respectfully,

Maureen J. Fiocca

5613 U.S. Courthouse
601 Market Street
Philadelphia, PA, 19148

Dear Judge Schmehl,

My name is Robert Fiocca and I am writing to you today on behalf of Gregory Fiocca. I am a lifelong resident of South Philadelphia, and I have worked as a Technician for Local Union Number 98 for the past 27 years. Gregory's late father, George, was my brother, so I have known him since the day he was born. Gregory and I have always had a trusting relationship. He is the youngest son in his family, with one sister being born after. He has always been super protective over those close to him, but especially his baby sister.

Gregory faced the type of adversity that no high school-aged boy wants to face. When he was 16 years old, his father passed away from liver cancer. He and his brothers stepped up in the toughest of times to support their mother and baby sister. Gregory helped out wherever he could in a time of grief and loss. It isn't easy to lose a parent at any age, but to lose a parent at 16 as a young man could leave one lost. Gregory could have gone down one of two paths, a path where he kept his head on his shoulders or a path where he coped with the death of his father in a destructive way. Gregory chose the path of keeping a good head on his shoulders.

Gregory has always been super protective and caring for the women in his life. As a young man, he worked at his paternal grandmother's water-ice stand during the summer time. He learned many life lessons during this time, but the most important lesson was the responsibility he learned during this time. He also helped out with his maternal grandmother while she was sick with emphysema. He looked after her day after day, trying to keep the mood positive while she was fighting a hard battle.

**A.003**

In 2014, Gregory became a father for the first time. He had always had younger cousins to look after, but something about becoming a parent brought out a super gentle side of him. Again, in 2016, he welcomed another son into the world, becoming a boy-dad times two. He is an amazing father and goes above and beyond for his boys. He teaches them meaningful life lessons like respect, responsibility, and kindness. Gregory's sons are a direct reflection of the man he is.

To conclude, I whole-heartedly believe that the adversity that Gregory faced head on as a teenager helped him to grow into the caring, protective man that he is today. He has the qualities needed to contribute to society in a meaningful way, which he has proved to do in the past. Gregory leads by example for his sons and many others around him.

Respectfully,

Robert Fiocca

January 24, 2025

The Honorable Jeffrey L. Schmehl
The Gateway Building
Suite 518
201 Penn Street
Reading, PA 19601

Dear Judge Schmehl:

I am writing to respectfully request your consideration for leniency in the sentencing of Greg Fiocca. Over the past few years, I have seen Greg make noticeable efforts to focus on his responsibilities and work toward improving his life. While he is still learning and growing, as we all are, he has shown an increased awareness of his actions and a commitment to doing better.

Greg is a father, and his relationship with his children is important to him and them. I believe that separating him from them at this time would be a significant setback, not only for his own progress but also for the well-being of his children. Being apart from them could impede his ability to continue the positive steps he's been taking, and it could have long-lasting emotional effects on his family.

I fully recognize the seriousness of Greg's actions and the need for accountability. However, I ask for your consideration of a sentence that would allow him to remain involved with his children, so he can continue his efforts and maintain valuable employment.

Thank you for your time and attention to this matter. I trust you will consider all factors when determining an appropriate sentence.

Sincerely,

*Amy Howlett*

Amy Howlett

Lori Barrett
335 Fitzgerald Street
Philadelphia, PA 19148

January 10, 2025

Honorable Jeffrey L. Schmehl
5613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Judge Schmehl:

My name is Lori Barrett. I live in South Philadelphia and I am a Judicial Secretary working for the First Judicial District of Pennsylvania. I am writing this letter on behalf of my nephew, Gregory (Greg) Fiocca.

My husband, Tom and Greg's father, George are first cousins, but they were raised as brothers. Greg and his siblings lost their father, George at a very young age. My husband and I share a special closeness with Greg, and we love him dearly.

Throughout the years I have personally witnessed Greg demonstrate many acts of kindness. For example, every year during the holidays Greg would distribute toys and food to those in need. Greg is a very loyal, generous and good-natured man who he has a deep devotion to his mother, Maureen.

Greg is an excellent father to his children Nathan and Landon. Greg always puts the needs of his family first by providing them with unwavering love, guidance, and support. He is present in all aspects of his children's lives, such as attending their school functions or sporting events.

I would like to close by saying that I am very proud of Greg and I know that he has positively influenced and made a difference in many people's lives, especially mine.

I appreciate your time and consideration.

Respectfully,

*Lori Barrett*

Lori Barrett

January 21, 2025

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601Market Street
Philadelphia, PA 19106

To: Judge Schmehl

I am writing this letter on behalf of Gregory Fiocca,

My name is Susan McCaney, Suite Attendant at Wells Fargo Center and Lincoln Financial Field. I am a wife, mother, and grandmother. I have known Gregory Fiocca for 15+ years through his family.

Gregory has grown into a wonderful young man. I have witnessed him to be a loving son and father. He has always treated people with the utmost respect within the social environment over the years. He has always been a kind and a true gentleman.

My hope is that you take into consideration Gregory's personal and professional assets in your final determination. I also hope this letter helps in that determination.

Respectfully,

Susan McCaney

January 24, 2025

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Judge:

I am writing to provide a character reference for Greg. I have had the pleasure of knowing Greg for many years, and I can confidently say that he is a person of exceptional character and integrity.

Greg is a devoted son, brother, and father who consistently sets a positive example for his children and those around him. His commitment to his family is evident in the way he supports and cares for them, always putting their needs first. As a father, he is nurturing and dedicated, instilling strong values and a sense of responsibility in his children.

Greg is always the first to offer help when needed, whether it's for a friend, neighbor, or community member. His kindness, reliability, and willingness to go the extra mile make him a cherished member of our community. He approaches every task with a positive attitude and a genuine desire to make a positive impact.

In summary, Greg is a person of outstanding character who exemplifies what it means to be a good citizen, friend, and family member. His dedication to his family, community, and helping others is commendable. I wholeheartedly recommend Greg and believe he would be an asset in any endeavor he chooses to pursue.

Sincerely,
Gina Harvey

*Gina Harvey*

January 24, 2025

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, PA 19106

Re: Gregory Fiocca

Your Honor,

My name is Paige DiMatteo, and I am writing to you as Gregory Fiocca's cousin, someone I have known my entire life. I am aware of the charges against Greg and understand the gravity of this matter.

Throughout my life, I have seen many admirable qualities in Greg. He has always been a dependable presence within our family, consistently showing up when we need support, whether it's a helping hand or just someone to lean on. I have also witnessed Greg's dedication as a father to his two wonderful children. His guidance, love, and support have been pivotal in shaping the individuals they are becoming.

Greg is a strong believer in the value of family. He is always there for his mother, siblings, nieces, and nephew, offering unwavering support and positively impacting their lives. He has demonstrated kindness, dedication, and responsibility throughout the years, and I truly believe that this current situation does not define who he is as a person.

I know Greg is deeply remorseful for his actions. He has expressed a sincere desire to make amends and to take steps toward bettering himself. With the right guidance, I am confident he can grow from this experience and become a positive contributor to society.

As his cousin, I am committed to supporting Greg in any way I can. I will do everything within my power to help him during and after this process.

Thank you for taking the time to read my letter. I hope it provides some insight into Greg's character and his potential for growth.

Sincerely,
**Paige DiMatteo**

January 24, 2025


The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, PA 19106


I am writing to offer my character reference for Greg. Over the many years I've known him, Greg has consistently shown himself to be a person of outstanding integrity, kindness, and dedication.

Greg is a devoted son, brother, and father who prioritizes his family above all else. He sets a remarkable example for his children by teaching them the values of honesty, hard work, and compassion. His role as a father is defined by his unwavering support and love, ensuring his kids grow up with strong moral values and a sense of responsibility.

In addition to his family commitments, Greg is a highly active member of our community. He frequently volunteers at local events, participates in the community. Greg's dedication to making a positive impact is evident in all his endeavors. His actions not only benefit the community but also motivate others to get involved and contribute.

Greg is always ready to help anyone in need. His reliability and willingness to assist make him a trusted and respected figure among his peers. Whether organizing a charity event or supporting a friend, Greg approaches every situation with a positive attitude and a genuine desire to make a difference.

In summary, Greg is a person of exceptional character who exemplifies the qualities of a good citizen and family member. His dedication to his family, his community, and helping others is truly commendable. I wholeheartedly recommend Greg, as he would be an asset in any capacity.

Sincerely,
Vincent Harvey

A.010

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Honorable Judge Schmehl,

I write to you today in hopes to highlight the many positive attributes of my cousin and friend, Gregory Fiocca. The young family man has shown immense loyalty, perseverance, and accountability more than ever in these past few years. Greg is great with children and proves such day in and day out with his two children and many nieces/nephews. Watching him build a bond with his sons has been a wonderful pleasure, as they remind me much of him and his late father, George. I would love nothing more than to see Greg be given the opportunity to remain at home with his children, able to raise them in his light. The first time I truly admired him was when his father passed away. At a time where most teenagers would be overwhelmed with heartbreak, Greg stepped up and took care of his siblings and mother. For as long as I've known him, he has been the type of person to give you the shirt off of his back. When I use that phrase, I mean it both figuratively and literally. Greg has literally given me the shirt off of his back once, when I pointed out that I liked his outfit. He cares so much for the people around him and wants to see everyone be happy. I believe that everyone should be given a chance to amend previous decisions/actions. People change and people grow. Greg is the perfect example of this. He remains in good spirits. He shows up for his family. He shows up for his friends. This past year, Greg spent a lot of time at my summer home and never once showed up empty handed, despite us constantly telling him not to bring anything. The huge presence that he is, I hope to spend more time with him in the coming years. I give my full support on his behalf and hope that this message is taken into consideration.

Thank you for your time,
Mya Jaskolka

**A.011**

January 17, 2025

The Honorable Jeffrey Schmehl
Eastern District of PA
5613 US Courthouse
601 Market St.
Philadelphia, PA 19106

Dear Honorable Schmehl,

I am writing in support of Gregory Fiocca. I have had the pleasure of watching Greg grow up as I am his Aunt. Greg and my son are close in age and grew up as "best buddies" so he was always at my house as a child. Their antics as kids showed me Greg's sense of humor and his kindness and respect to his cousins and my husband and I. Greg has a great sense of family and loyalty and has proven himself to be a good father to his two sons who look up to him.

As a teenager, I know Greg has had his share of scrapes growing up in South Philly and the death of his father during his formative years was traumatic but overall, he was a good kid. I can remember one particular time when he helped me coach the CYO baseball team that I was leading. I asked him to work with a young girl who was frustrated because she had never had a run. He coached her for over an hour before the game and at every inning on how to hit the ball. This young girl hit her very first ball that day and years later when I see her, she still talks about that moment. With Greg's patience and understanding, he showed her how to play the game. This patience and understanding I often see exhibited when he speaks with his young sons. He takes the time to work through an issue with them or discuss a topic honestly and respectfully.

Greg is very loyal and loving and he extends this to many people – family, friends, the underdog. He shows a lot of compassion and understanding for others less fortunate than himself. He is a hard worker and often volunteers to help when needed. Greg is passionate and yes, sometimes fiery but its usually because someone or something has been wronged. I know that if I were ever in trouble, it would be Greg to show up first.

I thank you for the opportunity given us to write on Greg's behalf and appreciate your consideration.

Sincerely,

Lisa Dougherty

Lisa Dougherty

**A.012**

The Honorable Jeffrey L. Schmehl
The Gateway Building
Suite 518
201 Penn Street
Reading, PA 19601

Dear Judge Schmehl:

I hope this letter finds you well. I am writing to respectfully request your consideration for leniency in the sentencing of Gregory Fiocca, who is before you for sentencing on February 4, 2025. I fully understand the gravity of the situation, and I do not intend to diminish the seriousness of the offense. However, I ask that you take into account the meaningful strides that Greg has made in his personal growth and rehabilitation since the incident, as well as the profound impact that his absence would have on his two young sons.

Greg has demonstrated sincere remorse for his actions and has worked to learn from his mistakes through his participation in an anger management program. Since the incident, he has taken concrete steps to improve himself.

In addition to his personal growth, Greg is a father to two sons, ages eight and ten. His sons rely on his physical presence for emotional and financial support as they navigate the challenges of growing up. They need his presence to foster their growth and development, both academically and socially. A separation would place them in a difficult position, potentially affecting their well-being and future opportunities, as well as the inability for them to remain in their school. The children have suffered a great deal and the stability of their school is of the utmost importance. Greg is their primary source of health care and tuition support. His absence would create a financial burden on his family, making it difficult for his sons to access necessary medical care and the consistency of their school environment. His role as a father is central to their well-being, and any separation would place them at a severe disadvantage and would set back Greg's progress.

A sentence that allows him to remain with his children, while also holding him accountable for his actions, would give him the opportunity to continue his rehabilitation and fulfill his responsibilities as a father. I respectfully ask you to consider a sentence that balances justice with compassion, one that allows Greg to continue his growth and to be there for his sons during these crucial years of their lives.

Thank you for your time and consideration of this request.

Sincerely,

Erin Dougherty

**A.013**

The Honorable Jeffery L. Schmehl
Eastern District Court of Pennsylvania
5613 US Courthouse
601 Market Street,
Philadelphia, PA 19106

Dear Judge Schmel,

    Resilient, ambitious, authentic, loyal, tenacious – these are only a few words that come to mind when I think of Gregory Fiocca. However, Greg is much more than that. He is a son, a brother, a cousin, an uncle, and most importantly, a father. Watching Greg become a father has been one of the most inspiring things a person can witness. I can attest to this as I have the honor of being Greg's cousin.

    Your Honor, my name is Kaitlin Dougherty, and I have had the privilege of not only being a cousin to Greg, but also a friend. I have watched him go through the hardest moment of his life in 2009, with the passing of his father, to overcoming such tragedy and becoming the man he is today. Greg has unknowingly taught me that no matter the hardships that come your way, you face them head on with grace and resilience. I believe that he has also proven this to many people throughout the years of this incident.

    Greg not only has taught me these valuable lessons, but it is also something that he instills in his children. Greg is a loving father of two, who continues to work hard day in and day out to provide for his family. His children look up to him and admire him in such awe that they have become two of the most loving kids.

    Yes, Gregory is resilient, ambitious, authentic, loyal, tenacious, a son, a brother, a cousin, an uncle, and a father, but he is also a human being who unfortunately made mistakes. Your honor, I would be amiss to say that Greg has not learned from his mistakes. He has taken this opportunity to reflect and grow, and it is quite evident that he is succeeding. Your honor, I take this opportunity to show that the man who sits in front of you is an exceptional man. I hope you are able to see what we, as family and friends, see in Gregory every day.

Thank you,

Kaitlin Dougherty

Paul Vizza
16 Shipley Place
Phila., Pa. 19152


January 25, 2025

The Honorable Jeffrey L. Schmehl
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, Pa.19106

Dear Judge Schmehl,

I am writing this letter in support of Greg Fiocca, who is appearing before your court. I have known Greg for a better part of fifteen years and would like to provide you with insight into his character.

My Name is Paul Vizza and I am a friend of his family. I met Gregn while training his younger sister in Basketball. Greg was a big support for his sister in her basketball career, since the passing of their father. Greg attended many games, and I was able to interact with him individually.

In my experience, Greg was always engaging, greeting me with respect. He has consistently demonstrated qualities such as integrity, consideration, and extremely family oriented.  It was always impressive to my wife and I that Greg spent time supporting his sister during her college years.

I am currently the Director of the First Judicial District Violence Prevention Warrant Unit.  I have encountered many people over my 26 years and in my experience, I firmly believe that Brian Fiocca is genuinely remorseful, and is fully committed to making amends.   He is a father and son and plays an important role for his family.

In conclusion, I would like to reiterate my support and confidence in Greg, and his absolute ability to learn from his mistakes.

Thank you for considering my perspective on this matter. If you require any further information or clarification, please do not hesitate to contact me.



Sincerely,
Paul Vizza

**A.016**

Janurary 25, 2025

To the Honorable Jeffrey L. Schmehl,
Eastern District of Pennsylvania
5613 US Courthouse
601 Market Street
Philadelphia, PA 19106

Dear Judge Schmehl,

I find it hard to put into words what Greg Fiocca means to me. From birth, Greg has always been there for me, not only as a family member, but as a friend. I've laughed, cried, and enjoyed many fond memories with my cousin and I hope to continue to do so. Given our proximity in age, Greg has been through many of my milestones in life, and I, of his, both good and bad. I've sat and mourned with Greg through the death of his father, my Uncle George. From our battles in sports at our grandparents house or our contested family, gameboard nights, Greg has always been there. He's been there for me and our family. Regardless of any outcome, Greg would always say, "Love you!"

Greg is a kind, compassionate, and a smart person. I have witnessed it, firsthand, with the love and compassion he provides for his two sons, Nathan and Landon. They are great kids and that is a testament to their parents. Greg is a great father and hard worker. His children adore him and he has, and continues, to provide for them through his hard work.

My cousin, Greg, is also extremely smart, especially in math. He is able to analyze an equation better than most. However, given the circumstances, I understand that he may not have analayzed this situation correctly. As humans, we all make mistakes, similar to math problems that we have encountered in school. I understand Your Honor needs to correct it and Greg is taking responsibility for that error in judgment. From the bottom of my heart, I ask that Your Honor takes leniency on this great father, my cousin. Please do not take Greg Fiocca away from us, his family.

Respectfully,

Sean Dougherty

**U.S. Department of Labor**     Employee Benefits Security Administration
                                 Philadelphia Regional Office
                                 1835 Market Street, 21ˢᵗ Floor
                                 Mailstop EBSA/21
                                 Philadelphia, PA 19103-2968
                                 Telephone: (215) 861-5300
                                 FAX: (215) 861-5347



December 16, 2024

Gregory Fiocca
314 Daly Street
Philadelphia, Pennsylvania 19148

C/o Rocco C. Cipparone, Jr.
Rocco C. Cipparone, Jr., Law Offices
157 Bridgeton Pike, Suite 200-320
Mullica Hill, New Jersey 08062

Sent via email only to courtnotices@cipparonelaw.com

      *Re:    ERISA Section 411 – Fiduciary Bar*
               *Notice of Prohibitions and Criminal Penalties*

Dear Mr. Fiocca:

As you are aware of, on September 16, 2024, you pled guilty to an information charging you
with a violation of 29 U.S.C. Section 186(a)(1),(b)(1) and (d)(2).

I am writing to make certain that you are aware that because of this conviction, you are
prohibited by Section 411 of the Employee Retirement Income Security Act (29 U.S.C. §1111)
from serving or being permitted to serve in the following positions and capacities with respect to
any ERISA covered employee benefit plan:

> *You are prohibited from serving any employee benefit plan as an administrator,
> fiduciary, officer, trustee, custodian, counsel, agent, employee or representative in any
> capacity. You are disqualified from serving in any capacity that involves decision-
> making authority or custody or control of the monies, funds, assets or property of any
> employee benefit plan.*

> *You are prohibited from serving as a consultant or adviser to an employee benefit plan.
> The term "consultant" means any person who, for compensation, advises or represents
> an employee benefit plan or who provides other assistance to such plan, concerning the
> establishment or operation of such plan. A consultant or adviser to an employee benefit
> plan includes, but is not limited to, any entity whose activities are in whole or
> substantial part devoted to providing goods or services to any employee benefit plan.*

**A.018**

Under the provisions of Section 411, you may not serve or be permitted to serve in any of the positions and capacities listed above until thirteen years after the conviction, or if imprisoned, until thirteen years after the end of any such imprisonment which resulted from the conviction, whichever is the later date.

This disability applies unless such conviction is finally reversed on appeal; or your citizenship rights, having been revoked as a result of such conviction, have been fully restored; or you are granted an exemption from disqualification. The exemption may be granted by either the sentencing federal judge, in the case of a disqualifying federal offense, or the United States district court for the district in which a state or local disqualifying offense was committed.

The period of disability may be reduced to a shorter period by the court in which you are convicted and sentenced if you make application to that court for such relief. However, the period of disability may not be reduced by the court to a period which extends to less than three years after the conviction or after the end of any imprisonment resulting from the conviction, whichever is the later date.

This letter also serves to advise you that any intentional violation of the provisions of Section 411 is a felony, punishable by a fine or imprisonment for not more than five years, or both.

Sincerely,

CRISTINA OBRIEN
Digitally signed by
CRISTINA OBRIEN
Date: 2024.12.16
11:04:39 -05'00'

Cristina O'Brien
Regional Director


Cc:
AUSA Jason Grenell [via email]


DOL File No. 20-015065 (47)

2

**A.019**